POLK COUNTY, Appellee, v. CITY OF DES MOINES, Appellant.

No. 39648.

SEPTEMBER 24, 1929.

REHEARING DENIED APRIL 16, 1930.

*Charles Hutchinson, F. T. Van Liew,* and *Chauncey A. Weaver,* for appellant.

*Wilson & Shaw,* for appellee.

STEVENS, J.—This is an action by Polk County upon an alleged written contract against the city of Des Moines, to recover a money judgment for one half the cost of paving a portion of the Carlisle or Primary Road No. 17, which adjoins the city. The writing recites that a contract in the name of the county to pave the highway has been let to the Wright Construction Company, and that:

"Whereas one half of the expense of said hard-surfacing of that part along the city limits of the city of Des Moines is payable from special assessments to be levied by the city as by law provided,—"

These recitals precede the following paragraph, quoted in full from the instrument:

"Therefore, it is agreed between the parties hereto as the work is done along that part of the road which is adjacent to the city limits, estimates of the cost of construction of the same shall be made by the engineer in charge from time to time and that upon presentation of said estimates for one half of the amount of each thereof, the city of Des Moines shall issue to Polk County one or more road certificates in anticipation of the levy of an assessment for the total amount of such one half of such cost when finally ascertained; such assessment to be made under Sections 3912 to 3922 of the Compiled Code of Iowa, 1919, as against the district benefited by such improvement."

Although many alleged defenses are set up in the answer of appellant, including the statute of limitations, we deem it unnecessary to consider the same, or express an opinion thereon. The case on the merits really turns on the interpretation

to be given to the quoted paragraph of the instrument. Is there contained in this paragraph a promise or binding obligation upon appellant to pay appellee a proportionate share of the cost of the improvement? Obviously, there is no express or specific promise to do so. The written instrument must, however, be interpreted in the light of the provisions of Section 4735 of the Code of 1924, which are as follows:

"Whenever any public highway that is a part of the primary road system is located along the corporate line of any city of the first class, cities under special charter, cities under the city manager plan, and cities of the second class, it may be improved by hard-surfacing by the board of supervisors as part of the primary system under this chapter. In such case, one half the cost of such hard-surfacing along said corporate line shall be paid by such city, and the board of supervisors of the county and the city council of such city are hereby authorized to agree in writing for the payment by the city of one half the cost of such improvement, and in case they cannot agree upon the amount to be paid by the city, and date when payment is to be made, the matter shall be referred to the state highway commission, whose decision shall be final. Said city may pay said amount from its general fund, or it may proceed under the provisions of Chapter 308 relating to the establishment of districts for the improvement or repair, by paving or graveling, of such streets within the corporation as in the judgment of the council constitute main traveled highways into and out of cities, for the assessment and collection of such cost, or it may pay in the first instance from such general fund and reimburse said fund thereafter from proceeds realized from such assessment proceeding. The city in such case, for prompt realization of funds, shall have the right to issue road certificates in anticipation of taxes and assessments to be realized from such assessment proceeding."

This section clearly imposes upon certain cities the obligation to pay one half of the cost of hard-surfacing a primary road which is located along the corporate line thereof. This obligation is fully recognized by the recitals in the written instrument. The obligation thus imposed upon cities of designated class may be discharged in either of two ways: (a) It may, if

the city council so elect, be paid out of the general fund, or (b) the city may proceed under the provisions of Chapter 308 of the Code, relating to the establishment of districts for the improvement or repair of streets within its corporate limits. If the latter method be adopted, the city may, ''for prompt realization of funds, * * * issue road certificates in anticipation of taxes and assessments to be realized from such assessment proceeding.''

The language of the written instrument would seem to be clear, definite, and without ambiguity. The express promise on the part of the city is that, upon the presentation of estimates for one half of the cost of the improvement, it will issue road certificates to the county in anticipation of the levy of an assessment for the total amount thereof when finally ascertained. There is no promise, express or implied, to pay the estimates or any part thereof out of the general fund of the city, or otherwise than as stated. This being true, the city assumed no obligation to pay out of its own funds any part of the cost of the improvement. If the method referred to in the contract, and recognized thereby, had been pursued, the road certificates would have been payable only out of the assessments levied upon the property, within the city, benefited by the improvement. The process of collection and payment in such case is purely statutory. The action is, in form and substance, upon the alleged written contract; and, unless appellee has shown itself entitled to recover thereon, the judgment must be reversed. No legal or statutory obligation imposed by statute upon the city is involved, directly or indirectly, in this action. Sole reliance is placed upon the written instrument. The promise on the part of the city to issue road certificates in anticipation of the collection of special assessments cannot be construed as an unconditional promise on its part to pay the statutory liability.

It necessarily follows that appellee failed to make out a case entitling it to recover a money judgment against appellant on the contract. It is immaterial in this connection whether the contract be interpreted as impliedly promising to establish a district and levy assessments upon private property to pay for the improvement, or whether the reference therein to this method of payment be treated as more than a mere recognition of the statute. We are concerned only with the cause of action

stated and the proof offered in support thereof. What we have said sufficiently disposes of the case.

For the reasons stated, the judgment must be, and is, reversed.—*Reversed.*

All the justices concur.